UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          CRIMINAL NO. 18-CR-20800

vs.                      HON. STEPHEN J. MURPHY, III

D-1   DR. RAJENDRA BOTHRA,

          Defendant.

_____ /

**MOTION FOR STAY OF ORDER GRANTING DEFENDANT'S
MOTION FOR REVOCATION OF DETENTION ORDER**

As contemplated in the final paragraph of the Court's Order Granting

Defendant Rajendra Bothra's Motion for Revocation of the Detention Order

(R.82), the government has filed a notice of appeal and moves for the Court to

grant a stay of its Order. On January 25, 2019, prior to filing this motion, the

government sought concurrence pursuant to Local Rule 7.1, and defense counsel

did not concur. In support of this motion, the government states:

1.     On January 16, 2019, this Court entered an Order Granting

Defendant's Motion for Revocation of the Detention Order. (R. 82).

2.     The Court conditioned defendant's pretrial release on various

conditions. (R. 82: PgID 322-24; R. 85).

3.      The order to release the defendant came over the government's objections, based primarily on the government's arguments that the defendant posed a risk of flight if released.

4.      In its Order, the Court stated that reasonable jurists could debate its findings and that it "will stay" its order of release "should the United States properly file and serve a notice of appeal within ten days." (R. 82: PgID 325).

5.      Consistent with the Court's statement, and contemporaneous with this motion, the United States is filing and serving a Notice of Appeal from the Court's Order.

6.      The government has also begun the process of seeking authorization from the Solicitor General to appeal this Court's Order. If appeal is authorized by the Solicitor General, the Sixth Circuit is likely to grant expedited review, as it does in all bond appeals.

7.      The evidence of risk of flight presented to this Court included false statements and material omissions by defendant related to his foreign ties, foreign assets, international travel, and financial affairs. In addition to millions of dollars in domestic assets, defendant maintains at least one foreign Indian investment account that holds approximately $1.2 million and a condominium in Mumbai worth approximately $300,000.

8.    To date, the full extent of defendant's assets and income remain unclear. Although this Court required a $7 million cash bond, without knowing Dr. Bothra's true financial position it is impossible to know whether this amount will reasonably assure his appearance as required.

9.    Federal Rule of Appellate Procedure 8(a)(1)(A) provides in relevant part that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."

10.    If defendant were released and could flee before the Sixth Circuit decided any appeal here, the government's case against him would suffer irreparable injury, and it would greatly harm the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

For these reasons, the United States respectfully requests that this Court stay its release order until the Sixth Circuit decides the merits of the appeal, or until the Solicitor General declines to authorize the appeal.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Brandy R. McMillion*
Brandy R. McMillion
Noah P. Hood
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9622
(313) 226-9127
brandy.mcmillion@usdoj.gov
noah.hood@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*s/Brandy R. McMillion*

Brandy R. McMillion
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9622
brandy.mcmillion@usdoj.gov

5